Money from the joint checking account, i.e., $3,000.00, was also spent on the purchase of a motor vehicle. This payment occurred on September 29, 2014, seven and a half weeks after the deposit of the settlement funds, and after those funds were spent. The joint checking account is a general asset of the defendant and his wife, and consists of monies deposited by them, not traceable to a portion of the settlement funds.
Finally, Carpenter Technology cannot trace from where the money came to pay two mortgage payments, to repay the family *673 loans, or to repay the 401(k) loan. The joint checking account is owned by both the defendant and his wife and consists of several sources of money, not traceable to any specific deposit. The joint account consists of paychecks, pension payments, monies already in the account prior to the deposit of the settlement funds, and monies over and above the medical lien.
The plaintiff seeks equitable relief where such relief is no longer possible. Equitable remedies "are, as a general rule, directed against some specific thing; they give or enforce a right to or over some particular thing ... rather than a right to recover a sum of money generally out of the defendant's assets." Montanile, 136 S.Ct. at 658-659. In its supplemental letter brief, Carpenter Technology argues,
"Just putting the settlement funds into a bank account, whether it is with his wife or another, doesn't destroy the lien. To hold otherwise would allow wrongdoers to get away with avoiding liens by the simple expedient of immediately depositing the money into a joint account."
See Document # 23 at 1. The Supreme Court addressed a similar argument in Montanile, and held, "Even though the defendant's conduct was wrongful, the plaintiff could not attach the defendant's general assets instead. If, instead of preserving the specific fund subject to the lien, the defendant dissipated the entire fund, that complete dissipation eliminated the lien." Montanile, 136 S.Ct. at 659. The Court continued, "where a person wrongfully dispose[d] of the property of another but the property cannot be traced into any product, the other ... cannot enforce a constructive trust or lien upon any part of the wrongdoer's property. " The plaintiff had "merely a personal claim against the wrongdoer"-a quintessential action at law. Id. (quoting Restatement (First) of Restitution § 215(1) ). Here, by the time Carpenter Technology sought relief, it was too late. The "particular thing" no longer existed. Any claim it might now have against Mr. Weida is, therefore, a personal one against the defendant's general assets. Recovering out of those assets is a legal remedy, not an equitable one. I will grant the defendant's motion to dismiss.
IV. CONCLUSION
In conclusion, Carpenter Technology had an equitable lien by agreement that attached to Mr. Weida's settlement funds when he obtained title to those funds. And, the nature of its underlying remedy would have been equitable had it objected immediately upon notice or sued to enforce the lien against the settlement funds before Mr. Weida deposited the funds into the joint checking account. See Montanile, 136 S.Ct. at 658. The settlement funds subject to the medical lien were never kept as a separate, identifiable asset. They were converted to a general asset of the defendant and his wife as tenants by the entireties, and thus out of the reach of the plaintiff. Further, the factual evidence indicates that the settlement funds were entirely dissipated before the complaint was filed, and that the defendant commingled the settlement funds with his and his wife's general assets. Carpenter Technology cannot collect against the defendant's general assets or his assets jointly owned with his wife. The settlement funds no longer exist as a separate identifiable fund, and thus the relief requested cannot be granted.
An appropriate Order follows.